IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, and LUZ MARIA MARTINEZ CASTRO, and SANDRA LIZETTE CARDENAS RAMIREZ, Individually and Next Friend of S.S.C., minor child, Individually and for and on behalf of All Those Who Are Entitled To Recover Under The Texas Wrongful Death and Survival Acts for the Death of JESUS IVAN SEPÚLVEDA MARTINEZ, and BRENDA BERENICE CASIAS CARRILLO, | § § § § § § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-00059-DB |
| LASALLE CORRECTIONS V LLC, | § § | |
| *Defendant*, | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT**

This case arises out of a shooting death that occurred in September 2022 in which an employee of Defendant shot and killed or wounded two persons. Plaintiffs are the surviving heirs and statutory death beneficiaries of Jesús Ivan Sepúlveda Martinez, deceased, and Berenice Casias. On March 18, 2024, Defendant sought to dismiss Plaintiffs' complaint on the basis that: (1) Plaintiffs do not allege facts sufficient to establish subject matter jurisdiction in this Court through diversity of citizenship; (2) Plaintiffs have failed to allege facts from which a Court may infer they have capacity to bring a survival action; (3) Plaintiffs have not alleged facts from which the Court may infer that Defendant is responsible for the acts of Mike Sheppard; and (4) paragraph 15 should be stricken from Plaintiff's complaint.

1

Plaintiffs have conferred with Defendant and agreed to amend their complaint to address several of Defendant's arguments. Defendant is unopposed to this motion.

## ARGUMENT AND AUTHORITIES

Plaintiffs seek leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure. Under Rule 15 (a) leave to amend must "be freely given when justice so requires." Fed. R. Civ. P. 15. Leave should generally be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment...." *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Fifth Circuit has repeatedly held that "federal rules permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (citation and internal quotes omitted).

In this case, given the early stage of litigation, where no discovery has been conducted and deadlines are several months away, there is no prejudice to the opposing parties nor is there a dilatory motive. Indeed, Plaintiffs file this motion within days of the date in which they could have filed an amended complaint as a matter of course. *See,* Fed. R. Civ. P. 15(a)(1). Furthermore, Plaintiffs have not repeatedly failed to cure deficiencies in their pleading.

In particular, Defendant in its Motion to Dismiss raises questions of fine points of pleading that they claim fail to establish (1) the diversity of parties; (2) the capacity of several Plaintiffs to bring a survival claim on behalf of the deceased Jesús Sepúlveda. While Plaintiffs disagree with the finer points of Defendant's motion, it is in the interest of the parties and the Court to simply amend the Complaint to address their concerns rather than pursue motions practice. Plaintiff's

2

amended complaint will address these concerns and reduce the scope of any remaining motion to dismiss which will better serve the parties and the Court.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion and permit filing of the Amended Complaint.

Respectfully submitted,

BENOIT LEGAL, PLLC
The Law Center
311 Montana Ave., Suite B
El Paso, Texas 79902
chris@coylefirm.com

 */s/ Christopher Benoit*
**Christopher Benoit**
NM No. 15097

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 11, 2024, I contacted Defendant's counsel regarding this motion. Defendant's counsel stated on April 12, 2024 that it is unopposed to the relief sought.

*/s/ Christopher Benoit*
**Christopher Benoit**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will cause all parties or counsel of record to be served by electronic means.

 */s/ Christopher Benoit*
**Christopher Benoit**