IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, LUZ MARIA MARTINEZ CASTRO, and SANDRA LIZETTE CARDENAS RAMIREZ, Individually and Next Friend of S.S.C., minor child, Individually and for and on behalf of All Those Who Are Entitled to Recover under the Texas Wrongful Death and Survival Acts for the Death of JESUS IVAN SEPÚLVEDA MARTINEZ, and BRENDA BERENICE CASIAS CARRILLO, <br><br> Plaintiffs, <br><br> v. <br><br> LASALLE CORRECTIONS V LLC, <br><br> Defendant. | §§§§§§§§§§§§§§§§§§ | 3:24-CV-00059-DB |

## LASALLE CORRECTIONS V LLC'S SECOND MOTION TO DISMISS OR FOR ALTERNATIVE RELIEF[1]

Pursuant to Federal Rule of Civil Procedure 12, LASALLE CORRECTIONS V LLC ("LaSalle Corrections") respectfully files this Second Motion to Dismiss or for Alternative Relief, requesting the Court to dismiss in their entirety the claims and causes of action of NAPOLEÓN SEPÚLVEDA MORENO ("Sepúlveda"), LUZ MARIA MARTINEZ CASTRO ("Martinez"), and SANDRA LIZETTE CARDENAS RAMIREZ ("Cardenas"), as Next Friend of S.S.C., minor child, Individually and for and on behalf of All Those Who Are Entitled to Recover under the Texas Wrongful Death and Survival Acts for the Death of JESUS IVAN SEPÚLVEDA MARTINEZ, and

---

[1] Counsel for LaSalle conferred with counsel for Plaintiffs, and the parties agree the Court may exercise subject matter jurisdiction over this case because there is total diversity.

1

BRENDA BERENICE CASIAS CARRILLO ("Casias") (collectively, "Plaintiffs") against LaSalle Corrections:

## I. Relevant Factual Background.

1. This lawsuit arises out of events that occurred on September 27, 2022, in the desert near Sierra Blanca, Texas in Hudspeth County. *See* Pls.' 1st Am. Compl. ¶ 7.

2. According to Plaintiffs, on September 27, 2022, Mark Sheppard and Mike Sheppard were driving to a Water Control Board meeting. *Id.* ¶ 11.

3. Plaintiffs allege the Sheppard brothers stopped near a reservoir, where Jesus Ivan Sepúlveda Moreno and Plaintiff Casias had stopped to drink water with a small group of people who were walking in the desert. *Id.* ¶¶ 7, 8, & 13.

4. Plaintiffs further allege Mike Sheppard exited the truck with a shotgun, and after seeing Jesus Ivan Sepúlveda Moreno and Plaintiff Casias, aimed the shotgun towards them and fired two rounds, killing Jesus Ivan Sepúlveda Moreno and injuring Plaintiff Casias. *Id.* ¶ 13.

## II. Plaintiffs have failed to state any plausible claims against LaSalle Corrections for which they would be entitled to relief.

### A. *Failure to state claims for relief.*

Rule 12(b) permits dismissal of claims if a party fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal citations omitted).

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal quotation marks and citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein indicate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations, 'but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

> **B.** *Plaintiffs' Amended Complaint fails to set forth a set of facts from which the Court may infer the acts or omissions of Mike Sheppard may be imputed to LaSalle Corrections, and therefore, fails to state any claims against LaSalle Corrections.*

Plaintiffs have attempted to impute the alleged intentionally tortious conduct of Mike Sheppard to LaSalle Corrections. In Texas, liability may be imposed on a corporation for the actions of its vice principal only under limited circumstances. *Chrysler Ins. v. Greenspoint Dodge*, 297 S.W.3d 248, 253 (Tex. 2009). For a corporation to be held liable for the actions of its vice principal, a plaintiff must set forth a set of facts from which the Court may infer (1) an agent committed a tort, (2) the defendant was a corporation, (3) the agent was a corporate officer of the defendant, a person with the authority to employ, direct, and discharge the defendant's employees, a person engaged in the performance of nondelegable or absolute duties of the defendant, or a person to whom the defendant delegated the management of all or part of its business and, (4) the agent's act or omission was related to the defendant's business. *Bennett v. Reynolds*, 315 S.W.3d 867, 884 (Tex. 2010); *Rhodes, Inc. v. Duncan*, 623 S.W.2d 741, 744 (Tex. App.—Houston [1st Dist.] 1981, no writ).

Similarly, employers may be held liable for the acts of their employees under a theory of respondeat superior if the employee's actions are within the course and scope of his employment. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). For the Court to draw the inference an employee was acting in the course and scope of his employment, a plaintiff must set forth facts that would show the tortious act was (1) within the employee's general authority, (2) in furtherance of the employer's business, and (3) taken to accomplish the object for which the employee was hired. *Id*.

### 1. **Plaintiffs' conclusory recitation Mike Sheppard was a "vice principal" does not suffice to impute liability to LaSalle Corrections.**

In their Amended Complaint, Plaintiffs baldly assert Mike Sheppard was a "Vice Principal" as the warden of LaSalle Corrections's facility, who "had the authority to employ, direct, and fire employees," and therefore, "[h]is actions impute liability to Defendant." Pls.' 1st Am. Compl. ¶¶ 9 & 17. Other than to conclusorily state as much, nowhere in their Amended Complaint do Plaintiffs actually allege a set of facts from which the Court may infer Mike Sheppard was a vice principal.

That is, Plaintiffs merely recite one of the requirements for an agent to be considered a vice principal of a corporation. But Plaintiffs do not actually set forth facts from which the Court may infer Mike Shepherd actually had the authority to employ, direct, and fire employees for LaSalle Corrections. Plaintiffs also fail to plead facts to show that Mike Sheppard was responsible for the management of the facility. Plaintiffs' formulaic recitation of what constitutes a vice principal under the law and their mere effort to label Mike Sheppard as a "vice principal" does not meet the plausibility standard sufficient to permit the inference his conduct may be imputed to LaSalle Corrections. For this reason, the claims against LaSalle Corrections should be dismissed.

**2.     There are no facts set forth in Plaintiffs' Amended Complaint from which the Court may infer shooting individuals in the desert was within Mike Sheppard's authority as warden or in furtherance of or related to the business of LaSalle Corrections.**

In their Amended Complaint, Plaintiffs attempt to anchor Mike Sheppard's conduct on the evening of September 27, 2022, to his employment with LaSalle Corrections by alleging he was on his way to a Water Control Board meeting on behalf of LaSalle Corrections, *see* Pls.' 1st Am. Compl. ¶ 14, but their assertions are simply too attenuated to permit the Court to infer Mike Sheppard was acting as a servant or employee for LaSalle Corrections at the time. Rather, construing Plaintiffs' allegations favorably, Mike Sheppard stopped in the desert near a reservoir, exited a truck with a shotgun, and shot Plaintiff Casias and Jesus Ivan Sepúlveda Moreno. *Id.* ¶ 13.

But Plaintiffs do not set forth any facts showing how this alleged intentionally tortious conduct of Mike Sheppard was related to the business of LaSalle Corrections. Plaintiffs do not set forth any facts showing it was within the general authority of Mike Sheppard to randomly shoot strangers in the desert. Indeed, courts have held that "it is not ordinarily within the scope of a servant's authority to commit an assault on a third person." *See Tex. & Pac. Ry. Co. v. Hagenloh*, 247 S.W.2d 236, 239 (Tex. 1952). Further, Plaintiffs do not set forth any facts from which the Court may infer shooting strangers in a desert was in furtherance of the business of LaSalle Corrections. And Plaintiffs fail to plead facts from which it may be inferred shooting strangers in the desert was to accomplish the object for which Mike Sheppard was hired. Simply put, Plaintiffs have failed to plead facts from which the Court may infer Mike Sheppard was acting within the course and scope of his employment such that his conduct may be imputed to LaSalle Corrections. As Plaintiffs have failed to set forth a basis to impute the conduct of Mike Sheppard to LaSalle Corrections, their claims must be dismissed.

**III.     The Court should strike paragraph 16 of Plaintiffs' Amended Complaint.**

Pursuant to Rule 12(f), LaSalle Corrections requests the Court to strike paragraph 16 of Plaintiffs' Original Complaint. Rule 12(f) allows the Court to strike from any pleading a matter that is redundant, immaterial, impertinent, or scandalous. FED. R. CIV. P. 12(f). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties. *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010).

Paragraph 16 of Plaintiffs' Amended Complaint is immaterial, impertinent, and scandalous. Paragraph 16 contains information that has no relation to the controversy and is very likely to prejudice LaSalle Corrections. Paragraph 16 refers to alleged instances of mistreatment to immigrants detained at LaSalle Corrections's facility more than four years before the September 27, 2022, events. *See* Pls.' 1st Am. Compl. ¶ 16. These allegations have no relation to the claims Plaintiffs have attempted to impute to LaSalle Corrections here, as there are no allegations of negligent training, retention, or supervision against LaSalle Corrections that appear in Plaintiffs' Amended Complaint. Rather, Plaintiffs have attempted to impute the alleged criminal acts of an employee undertaken outside the course and scope of his employment. As the matters set forth in paragraph 16 have no bearing on the claims, their inclusion is very likely to prejudice LaSalle Corrections. Therefore, the Court should strike paragraph 16 of Plaintiffs Amended Complaint.

WHEREFORE, premises considered, LASALLE CORRECTIONS V LLC respectfully requests the Court to grant this Second Motion to Dismiss or for Alternative Relief, to dismiss all of Plaintiffs NAPOLEÓN SEPÚLVEDA MORENO, LUZ MARIA MARTINEZ CASTRO, and SANDRA LIZETTE CARDENAS RAMIREZ, As Next Friend of S.S.C., minor child, Individually and for and on behalf of All Those Who Are Entitled to Recover under the Texas

Wrongful Death and Survival Acts for the Death of JESUS IVAN SEPÚLVEDA MARTINEZ, and BRENDA BERENICE CASIAS CARRILLO's claims and causes of action against LASALLE CORRECTIONS V LLC, and to award any other and further relief to which it may be so justly entitled, including reasonable attorney's fees and costs.

    Respectfully submitted,

    KEMP SMITH LLP
    P.O. Box 2800
    El Paso, Texas 79999-2800
    915.533.4424
    915.546.5360 (Facsimile)

By: *[signature: Valerie R. Auger]*
    VALERIE R. AUGER
    Valerie.Auger@kempsmith.com
    State Bar No. 24076251
    SEBASTIAN NUNEZ
    Sebastian.Nunez@kempsmith.com
    State Bar No. 24110169

*Attorneys for LaSalle Corrections V LLC*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of May, 2024, a copy of the foregoing was served via the Court's electronic filing system on all parties through their counsel of record.

*[signature: Valerie R. Auger]*
VALERIE R. AUGER