IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, LUZ MARIA MARTINEZ CASTRO, and SANDRA LIZETTE CARDENAS RAMIREZ, Individually and Next Friend of S.S.C., minor child, Individually and for and on behalf of All Those Who Are Entitled to Recover under the Texas Wrongful Death and Survival Acts for the Death of JESUS IVAN SEPÚLVEDA MARTINEZ, and BRENDA BERENICE CASIAS CARRILLO, <br><br>Plaintiffs, <br><br>v. <br><br>LASALLE CORRECTIONS V LLC, <br><br>Defendant. | § § § § § § § § § § § § § § § § § § | 3:24-CV-00059-DB |

## LASALLE CORRECTIONS V LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, LASALLE CORRECTIONS V, LLC ("LaSalle Corrections") respectfully files this Answer to Plaintiffs' First Amended Complaint (the "First Amended Complaint"):

### PARTIES

1. LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' First Amended Complaint.[1]

2. LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiffs' First Amended Complaint.[2]

---

[1] Counsel for LaSalle Corrections and counsel for Plaintiffs have conferred at length regarding diversity of citizenship and agree total diversity of citizenship exists among the parties.
[2] *See supra* note 1.

1

3. LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' First Amended Complaint.[3]

4. LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' First Amended Complaint.[4]

5. As to the allegations of paragraph 5 of Plaintiff's First Amended Complaint, LaSalle Corrections admits the allegations of the first sentence of paragraph 5, denies the allegations of the second sentence of paragraph 5, denies the allegations of the third sentence of paragraph 5, and admits the allegations of the fourth sentence of paragraph 5.

## JURISDICTION AND VENUE

6. LaSalle Corrections admits the allegations of paragraph 6 of Plaintiffs' First Amended Complaint.

## FACTS

7. LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' First Amended Complaint.

8. As to paragraph 8 of Plaintiffs' First Amended Complaint, LaSalle Corrections admits it operates the West Texas Detention Facility in Sierra Blanca, Texas and denies all remaining allegations in paragraph 8 of Plaintiffs' First Amended Complaint.

9. As to paragraph 9 of Plaintiffs' First Amended Complaint, LaSalle Corrections admits Mike Sheppard was employed by LaSalle Corrections as a warden and denies all remaining allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint.

---

[3] *See supra* note 1.
[4] *See supra* note 1.

10. As to paragraph 10 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 10, denies the allegations in the second sentence of paragraph 10, and is otherwise without knowledge or information sufficient to form a belief as to the true of the allegations in the third sentence of paragraph 10.

11. As to paragraph 11 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 and denies the allegations in the second sentence of paragraph 11.

12. As to paragraph 12 of Plaintiff's First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and denies the allegations in the second sentence of paragraph 12.

13. LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiffs' First Amended Complaint.

14. As to paragraph 14 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14, denies the allegations in the second and third sentence of paragraph 14 to the extent those allegations imply or otherwise state Mike Sheppard was present at the meeting in his capacity as a LaSalle Corrections employee, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15. As to paragraph 15 of Plaintiffs' First Amended Complaint, LaSalle Corrections denies the allegations of paragraph 15 to the extent they state Mike Sheppard was enroute to accomplish a duty for LaSalle Corrections's business or that Mike Sheppard addressed the Water Board as part

of his duties as the LaSalle Corrections's warden and is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 15.

16. As to the allegations of paragraph 16 of Plaintiffs' First Amended Complaint, LaSalle Corrections admits a report was released, denies the report was accurate, admits Mike Sheppard was the warden at the time, and otherwise denies the remaining allegations of paragraph 16 of Plaintiffs' First Amended Complaint.

17. As to paragraph 17 of Plaintiffs' First Amended Complaint, LaSalle Corrections asserts this allegation presents a legal conclusion to which no answer is required; however, to the extent an answer is required, LaSalle Corrections denies the allegations and denies any and all liability.

## CAUSES OF ACTION

### ASSAULT AND BATTERY/WRONGFUL DEATH

18. As to paragraph 18 of Plaintiffs' First Amended Complaint, LaSalle Corrections incorporates its answers to the allegations contained in paragraphs 1 through 17 of this Answer as though fully set forth in this paragraph, denies the allegations of paragraph 18 of Plaintiffs' First Amended Complaint, and denies any and all liability.

19. As to paragraph 19 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of paragraph 19, asserts the allegations in the second sentence of paragraph 19 present a legal conclusion to which no answer is required, denies the allegations in the second sentence of paragraph 19, and otherwise denies any and all liability.

20. As to the allegations of paragraph 20 of Plaintiffs' First Amended Complaint, LaSalle Corrections admits Plaintiffs have pleaded for relief under the referenced statutes and is otherwise

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of Plaintiffs' First Amended Complaint.

21. LaSalle Corrections denies any and all liability, denies Plaintiffs are entitled to recover any damages from LaSalle Corrections, and denies the allegations of paragraph 21 of Plaintiffs' First Amended Complaint.

## SURVIVAL CLAIM

22. As to paragraph 22 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relationship between Sandra Lizette Cardenas, S.S.C, and Jesus Sepúlveda, but LaSalle Corrections otherwise denies the remainder of the allegations in paragraph 22 and denies any and all liability.

## ASSAULT AND BATTERY

23. As to paragraph 23 of Plaintiffs' First Amended Complaint, LaSalle Corrections incorporates its answers to the allegations contained in paragraphs 1 through 22 of this Answer as though fully set forth in this paragraph, denies the allegations of paragraph 23, and denies any and all liability.

24. As to paragraph 24 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 24, asserts the second sentence impermissibly presents a legal conclusion, denies the allegations in the second sentence of paragraph 24, and denies any and all liability.

## DAMAGES

### ESTATE OF JESUS SEPÚLVEDA

25. LaSalle Corrections denies any and all liability, denies Plaintiffs are entitled to recover any damages from LaSalle Corrections, and otherwise denies the allegations of paragraph 25 of Plaintiffs' First Amended Complaint.

### WRONGFUL DEATH DAMAGES

26. As to paragraph 26 of Plaintiffs' First Amended Complaint, LaSalle Corrections is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relationship between Plaintiffs, S.S.C., and Jesus Sepúlveda, but LaSalle Corrections denies any and all liability, denies Plaintiffs are entitled to recover any damages from LaSalle Corrections, and denies the allegations of paragraph 26 of Plaintiffs' First Amended Complaint.

### DAMAGES TO BRENDA BERENICE CASIAS CASTILLO

27. LaSalle Corrections denies any and all liability, denies Plaintiff Brenda Berenice Casias Castillo is entitled to recover any damages from LaSalle Corrections, and denies the allegations of paragraph 27 of Plaintiffs' First Amended Complaint.

28. As to paragraph 28 of Plaintiffs' First Amended Complaint, LaSalle Corrections denies any and all liability, denies Plaintiffs are entitled to recover any damages from LaSalle Corrections, and denies the allegations of paragraph 28 of Plaintiffs' First Amended Complaint.

### AFFIRMATIVE DEFENSES

29. As separate, alternative, and additional defenses and/or defensive matters, LaSalle Corrections affirmatively answers as follows:

    A.    Plaintiffs' First Amended Complaint fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c).

B. LaSalle Corrections is not liable for the conduct of Mike Sheppard or Mark Sheppard, and neither constitutes a vice principal as contemplated by Texas law.

C. To the extent the acts or omission of parties who have not been joined in this lawsuit caused, contributed to causing, or proximately caused Plaintiffs' alleged injuries or damages, Plaintiffs failed to join indispensable parties.

D. No act or omission on the part of LaSalle Corrections caused, contributed to causing, or proximately caused Plaintiffs' alleged injuries.

E. Plaintiffs failed to exercise ordinary care to avoid the foreseeable risk of injury, and the acts or omissions of Jesus Sepúlveda and Brenda Berenice Casias Castillo were the superseding causes of their own alleged injuries, LaSalle Corrections is not liable.

F. To the extent Plaintiffs are permitted to recover, Plaintiffs are only entitled to recover medical expenses that were paid or incurred on their behalf.

G. Plaintiffs are not entitled to recover for, and LaSalle Corrections is not responsible for, any medical conditions, if any, before the alleged incident nor any unrelated to the alleged incident, which were not proximately caused by the alleged incident.

H. To the extent Plaintiffs failed to mitigate their damages, if any, as required by law, Plaintiffs' claims are barred, in whole or in part and/or such failure is a cause or sole cause of their alleged damages.

I. LaSalle Corrections is entitled to an offset for any advances, payments, or benefits paid to Plaintiffs to the extent Plaintiffs are awarded damages from another party or third-party.

J. To the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, and loss of contributions of a pecuniary value, Plaintiffs must present evidence to establish the loss

in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax.

K.  The laws of United Mexican States control for the amount of any lost wages or future medical expenses for purposes of the method of calculating damages Plaintiffs may recover, which is denied Plaintiffs are entitled to recover.

L.  In the event a judgment is awarded in Plaintiffs' favor, which LaSalle Corrections denies is appropriate, Plaintiffs are limited to only that amount of pre-judgment and post-judgment interest permitted by law.

M.  An award of punitive damages against LaSalle Corrections would violate provisions of the United States Constitutions, including, but not limited to, the Due Process clause, the "excessive fines" clause of the Eighth Amendment, and the equal protection clauses of the state and federal Constitutions.

## RESERVATION OF RIGHT TO AMEND

30. LaSalle Corrections reserves the right to amend this Answer and to assert such other and further affirmative defenses as may become known in discovery and further proceedings in this cause.

## JURY DEMAND

31. Pursuant to Federal Rule of Civil Procedure 38, LaSalle Corrections demands trial by jury of all triable issues.

WHEREFORE, PREMISES CONSIDERED, LASALLE CORRECTIONS V, LLC, having answered Plaintiffs' First Amended Complaint, respectfully prays that judgment be entered against Plaintiffs, dismissing the First Amended Complaint with prejudice and awarding

LASALLE CORRECTIONS V, LLC its reasonable costs and attorneys' fees as may be allowed by law and any other further relief as the Court deems just and proper.

        Respectfully submitted,

        KEMP SMITH LLP
        P.O. Box 2800
        El Paso, Texas 79999-2800
        915.533.4424
        915.546.5360 (Facsimile)

By: /s/ Valerie R. Auger
        VALERIE R. AUGER
        Valerie.Auger@kempsmith.com
        State Bar No. 24076251
        SEBASTIAN NUNEZ
        Sebastian.Nunez@kempsmith.com
        State Bar No. 24110169

*Attorneys for LaSalle Corrections V LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 24th day of May, 2024, a copy of the foregoing was served via the Court's electronic filing system on all parties through their counsel of record.

        /s/ Valerie R. Auger
        VALERIE R. AUGER