IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, | § | |
| and LUZ MARIA MARTINEZ CASTRO, | § | |
| and SANDRA LIZETTE CARDENAS | § | |
| RAMIREZ, as Next Friend of S.S.C., | § | |
| minor child, Individually and for and | § | |
| on behalf of All Those Who Are Entitled to | § | |
| Recover Under the Texas Wrongful Death | § | |
| and Survival Acts for the Death of | § | |
| JESUS IVAN SEPÚLVEDA MARTINEZ, | § | |
| and BRENDA BERENICE CASIAS | § | |
| CARRILLO, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-00059-DB |
| | § | |
| LASALLE CORRECTIONS V LLC, | § | |
| | § | Jury Trial Demand |
| *Defendant*, | § | |

**PLAINTIFFS' RESPONSE TO NON-PARTY DISTRICT ATTORNEY'S MOTION TO
QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Plaintiffs file this, their response to Non-party District Attorney for the 34th Judicial District of Texas Bill Hicks' ("Movant" or "Hicks") motion seeking a protective order quashing the subpoena served on Hicks on August 21, 2024. Plaintiffs request that the Court deny Hicks's request for relief for the following reasons.

**FACTUAL BACKGROUND**

This lawsuit seeks civil relief from a corporate entity operating a private detention facility in West Texas for the shooting death and injuries that occurred in Hudspeth County, Texas on September 27, 2022. On that day, Plaintiffs allege that Michael Sheppard was in the course and scope of his job as warden of Defendant's facility. [*Id.* at ¶¶10-15]. En route, he stopped and shot at a group of unarmed migrants. [*Id*]. He killed one person and injured another. [*Id*]. He continued

in his truck to a subsequent meeting which he attended minutes after the shooting. [*Id*]. Plaintiffs are the surviving heirs and statutory death beneficiaries of Jesús Ivan Sepúlveda Martinez, deceased, and, separately, Berenice Casias.

Following the shooting, Mr. Sheppard and his brother were interviewed by the Texas Rangers for the shooting. Ex. 3, Complaint Affidavit.[1] Subsequently, a warrant was issued for their arrest for manslaughter and aggravated assault. *Id*. *See also* Ex. 4, Gabby Hernandez, *A long road to justice: Twin brothers remain in Florida a year after shooting at migrants in Sierra Blanca, Texas,* KVIA (Oct. 23, 2023) (available at: https://kvia.com/news/border/2023/10/23/a-long-road-to-justice-twin-brothers-in-florida-a-year-after-migrants-were-shot/). Michael Sheppard's bonds were reduced to a $75,000 surety bond and a $175,000 personal recognizance bond in October of 2022. Jamel Valencia, *Bonds reduced for twin brothers Mark and Mike Sheppard in deadly migrant shooting,* KFOXTV (Oct. 27, 2022) (available at: https://kfoxtv.com/news/local/twin-brothers-mark-and-mike-sheppard-appear-for-bond-hearing-sierra-blanca). Since their release from custody, after two years, no federal or state prosecutorial office has brought any indictment or filed any criminal case against either Mark or Michael Sheppard.

Plaintiffs served a subpoena on Hicks on August 21, 2024 seeking specific documents. Ex. 1, Subpoena and Subpoena Return. *See also* [ECF No. 23, Ex. A][2]. Through discussions with counsel for Hicks over the last several weeks, Plaintiffs agreed to limit the scope of the subpoena to discrete categories of documents. Exhibit 2, Email from Benoit to Gomez, Sept. 16, 2024. Hicks has produced the affidavit of probable cause signed by Texas Ranger Juan Torrez – which has been

---

[1] This is the complaint affidavit and complaints that were provided by Movant in response to conferral. They have been redacted. This complaint affidavit has already been released in largely unredacted form to the public.

[2] Movant included Plaintiffs' subpoena in Exhibit A of his motion but excluded certain pages – including an entire page that list the categories of documents sought. *See* [ECF No. 23, Ex. A]. Plaintiffs include the subpoena in its entirety (along with the subpoena return) as Exhibit 1 to this response.

available to the public since September 2022. Until today, Hicks has refused to produce any other documents or amend the motion to quash. Hicks' office is apparently still considering the amended scope of Plaintiffs' subpoena. *Id.* Hicks' office has not responded with any of the authenticating questions asked through a Deposition Upon Written Questions and attached as Exhibit A to Plaintiffs' subpoena.

Hicks seeks to quash this subpoena on the sole basis that "the information sought is privileged by law because it is related to an ongoing criminal investigation" – relying on Texas state codes and one reference to federal privilege [ECF No. 23, p. 2]. Hicks' motion should be denied because Hicks has not met his burden under the relevant law.

The criminal process has left Plaintiffs without any justice to date. Now, Hicks seeks to prevent Plaintiffs from accessing fundamental information to seek justice in this civil suit. Plaintiffs request that the Court deny Hicks' request for relief.

## STANDARD OF REVIEW

A motion to quash or for protective order by a non-party subject of a subpoena is governed by the standards set forth in FED. R. CIV. P. 45. Here, Hicks only seeks relief under FED. R. CIV. P. 45(d)(3)(A)(iii) – seeking relief because the subpoena would require disclosure of privileged information. Rule 45(d)(3)(A) requires quashing or modification of a subpoena where the moving party has met his burden that the subpoena seeks privileged information.

Of particular importance, when bringing such a motion, the moving party bears the burden of proof that the information sought is, in fact, privileged. *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018). A moving party is generally required to meet this burden of proof through the offering of evidence or affidavits. *Andra Grp., LP v. JDA Software Grp., Inc.,* 312 F.R.D. 444, 449 (N.D. Tex. 2015).

3

Finally, if a moving party meets its burden to some (but not all) responsive information, "modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004).

## ARGUMENTS AND AUTHORITIES

Hicks seeks to quash Plaintiffs' subpoena on the sole basis that it is privileged pursuant to the following sources of law: (1) TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d); (2) TEX. GOV. CODE § 552.108; and (3) a federal law enforcement privilege found in *In re United States Dep't of Homeland Sec.,* 459 F.3d 565, 570 (5th Cir. 2006).[3]

For the reasons stated below, Plaintiffs request that the Court deny Hicks' motion in its entirety and require Hicks to produce the requested documentation subject to a mutually agreed confidentiality and protective order.

**I.     Hicks's motion should be denied because he has not met his burden to quash this subpoena under TEX. CIV. PRAC. & REM. CODE § 30.006 and TEX. GOV. CODE § 552.108.**

First, Hicks argues that Texas state law establishes privileges which relieve Hicks from the obligation of compliance with Plaintiffs' federal subpoena. Hicks argues that TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d) and a separate provision under the Texas Public Information Act (PIA), TEX. GOV. CODE § 552.108, prevent Plaintiffs from accessing any of the requested documents sought. Hicks' argument is without merit and must be denied.

A.  TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d) does not apply to this action.

First, the Court is not required to apply TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d) because this state statute does not establish a privilege under state law and because the provision is procedural, not substantive, law.

---

[3] Movant does not seek to quash Plaintiffs' subpoena for any other purpose. [ECF No. 23, p. 2-3].

The state statute in question does not establish a privilege for evidentiary purposes. FED. R. EVID. 501 makes clear that federal law – not state law – governs "a claim of privilege" in federal proceedings. As an exception, FED. R. EVID. 501 states that state law "governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* Under this provision, state will usually apply in pure diversity cases. *Martin v. Lafon Nursing Facility of the Holy Fam., Inc*., 244 F.R.D. 352, 354 (E.D. La. 2007).

However, Plaintiffs have found no case law stating that TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d) constitutes a "privilege" under state law. The statute merely provides a procedural framework for a party's access to discovery from law enforcement agencies. The provisions provide procedural steps by which a party may access certain documents in the possession of qualified law enforcement agencies. *Id.* at (c) *and* (d). It does not identify these provisions as establishing a privilege and no federal court has stated that this provision creates a privilege recognizable under FED. R. EVID. 501. Therefore, this statute does not establish a state privilege and is not subject to the general provision in FED. R. EVID. 501 that state privileges apply in diversity cases.

Furthermore, in a diversity action, a federal court applies state law in a federal civil action only if the state law is substantive rather than procedural pursuant to *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938). *See Est. of C.A. v. Grier*, 752 F. Supp. 2d 763, 770 (S.D. Tex. 2010) (finding that disclosure procedures and requirements under Texas professional malpractice laws are generally considered procedural and not substantive).

Here, TEX. CIV. PRAC. & REM. CODE § 30.006 establishes procedures that a litigant must follow to seek disclosure of certain law enforcement records. This is a procedural – not a substantive – law. Therefore, this Court should adhere to federal law on this topic – not state law.

For these reasons, Hicks' motion should be denied.

B. Exemptions laid out in the Texas Public Information Act do not apply to this action.

Hicks also relies on the exemptions laid out in the Texas PIA to quash Plaintiffs' subpoena. [ECF No. 23, p. 2] (citing TEX. GOV. CODE § 552.108). However, state law is clear that the Texas PIA does not apply to civil discovery. "By its own terms, the [PIA] has no effect on civil discovery." *Piatt v. Cty of Austin,* No. 1:07-CV-520 LY, 2008 WL 11334173, at *4 (W.D. Tex. Sept. 29, 2008). *See also* TEX. GOV. CODE § 552.005(b) ("Exceptions from disclosure under this chapter do not create new privileges from discovery."). Therefore, any attempt to quash Plaintiffs' subpoena through a provision of the PIA is not grounded in law.

C. If the Court finds that Tex. Civ. Prac. & Rem. Code § 30.006(b)-(d) does apply to this action, the Court should still deny Hicks's motion because Hicks has not met his burden under the statute.

Even if the Court finds that the provisions of TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d) do apply, Hicks has not met his burden under that statute. TEX. CIV. PRAC. & REM. CODE § 30.006(c)(3) requires a moving party to establish that the release of information "would interfere with the detection, investigation, or prosecution of criminal acts" in order to avail itself of the exemption from production in a civil matter.

Here, Hicks has provided the Court with nothing other than to state, in conclusory fashion, that there exists "a lengthy confidential multi-agency investigation and prosecution." [ECF No. 23, p. 2-3]. *See also Lee v. Cty of Midland,* No. 7:22-CV-0185-BL, 2024 WL 4005959, at *7 (W.D. Tex. Feb. 15, 2024) (finding that a district attorney's single "conclusory assertion that the matters 'are still being prosecuted'" was insufficient to meet the Hicks's burden to quash under federal law enforcement privilege). Hicks presents no affidavits or other evidence to the Court that this such an investigation is, in fact, afoot. Hicks has not met his burden.

In fact, there is no evidence – in the motion or in the public sphere – that Hicks is involved in an ongoing criminal investigation of the underlying shooting. After two years of a widely publicized shooting in which one person is dead and another suffered for years from significant injuries, not a single case has been brought by any prosecutor against the shooting parties.

Therefore, in the event the Court does consider application of TEX. CIV. PRAC. & REM. CODE § 30.006 to this action, it should find that Hicks has not met his burden and deny his motion to quash.

D. If the Court finds that TEX. CIV. PRAC. & REM. CODE § 30.006(b)-(d) does apply to this action, Plaintiffs hereby move for disclosure of information pursuant to § 30.006(d)

If the Court does find that TEX. CIV. PRAC. & REM. CODE § 30.006 applies and that Hicks has met his burden, Plaintiffs hereby request, in the alternative, disclosure of the requested information pursuant to § 30.006(d). Under this provision, a court may order discovery from a law enforcement agency if the Court determines – through an *in camera* inspection – that the discovery is (1) relevant; and (2) there is a specific need for the discovery. *Id. See also, J.T. v. Uplift Educ.*, No. 3:20-CV-3443-D, 2022 WL 2972589, at *1 (N.D. Tex. July 27, 2022) (applying § 30.006(d) and permitting disclosure of certain documents following an *in camera* review and finding the documents met these two elements).

Plaintiffs hereby move for this relief, in the alternative. In a trial in this action, Plaintiffs will have to establish that: (1) Michael Sheppard engaged in assault and battery when he shot Jesús Ivan Sepúlveda Martinez and Brenda Berenice Casias Carrillo; and (2) Michael Sheppard was acting in the course and scope of his job duties as warden for Defendant when he participated in this shooting. Plaintiffs must be able to prove that Michael Sheppard shot these two individuals intentionally and knowingly [¶ 18-19] and that his actions merit punitive damages [¶ 28].

Michael Sheppard's attorney has stated in the media that he was hunting and did not know or intend to shoot Mr. Sepúlveda or Ms. Casias Carrillo. CNN, *CNN breaks down scene where migrants were allegedly shot by brothers* (Nov. 12, 2023) (available at: https://edition.cnn.com/videos/us/2023/11/12/migrants-shot-killed-texas-border-twin-brothers-arrested-flores-dnt-cnntmwk-vpx.cnn). The complaint affidavit signed by the Texas Rangers indicates that Mr. Sheppard changed his story several times with regards to his intention and knowledge regarding the shooting. Ex. 3. The type of weapon he was shooting, photos and videos of the shooting location, the time of day of the shooting, and any assessment of where the parties were located when the shooting occurred are all relevant to Plaintiffs' claims.

Furthermore, any information regarding Mr. Sheppard's employment with Defendant collected by or under the control of Hicks is directly relevant to the claims raised herein. Ex. 1, Subpoena Ex. B, ¶21.

Finally, Plaintiffs and Defendant have a "specific need" to access this information in this civil suit. TEX. CIV. PRAC. & REM. CODE § 30.006(d). Neither Plaintiffs nor Defendant in this lawsuit have any access to evidence related to the circumstances of the September 27, 2022 shooting. Indeed, it appears that most data that would support Plaintiffs' claims or Defendant's defenses are in the possession, custody, or control of law enforcement agencies and have not been returned to Plaintiffs. Brenda Casias Carrillo's telephone was taken as evidence and has not been returned to her. Similarly, Michael Sheppard's computers were apparently taken and not returned to Defendant. Ex. 5, Def's Resp to Pl's Req for Prod, p. 6, Request No. 13.[4] Therefore, Plaintiffs and Defendant cannot access this crucial evidence without going to law enforcement.

---

[4] Movant may point out in his reply that a federal agency – not Movant's agents – gathered these computers. He may claim that he cannot be responsible for responding to information that was gathered by a separate entity. However, Movant has repeatedly said as his sole basis for quashing the subpoena that there is an ongoing "multi-agency investigation." [ECF No. 23, p. 2-3]. Movant cannot rely on a "multi-

Again, Plaintiffs are offering a strict confidentiality and protective order to ensure the integrity of the information sought. Ex. 2. Such an order should be sufficient to protect Hicks' concerns. *J.T.,* 2022 WL 2972589, at *2 (protecting the compelled records through a protective order in place in the civil litigation).

For these reasons, if the Court considers TEX. CIV. PRAC. & REM. CODE § 30.006, it should grant Plaintiffs' alternative request for relief to require Hicks to produce the requested information after an *in camera* review by this Court under (c) of the same statute.

## II.   Hicks' motion should be denied because Hicks has not met his burden that the requested documentation is privileged under federal law.

Finally, federal common law should not bar production of the requested information. Federal courts have established the existence of a law enforcement privilege for documents which relate to an ongoing criminal investigation. *In re U.S. Dep't of Homeland Sec.,* 459 F.3d 565, 569 (5th Cir. 2006).

To avail itself of this privilege, a governmental entity must establish that the documents relate to "an ongoing criminal investigation." *Id* at 569-70 n.2. However, for the reasons stated in, *supra,* Sec. I(C). Hicks has not met his burden as to this element.

Furthermore, the law enforcement privilege is not absolute. It does not "apply indefinitely." *In re U.S. Dep't of Homeland Sec.,* 459 F.3d at 569 (citing *Swanner v. United States,* 406 F.2d 716, 719 (5th Cir. 1969)).  It is "bounded by relevance and time constraints" and "lapses after a reasonable period of time." *In re U.S. Dep't of Homeland Sec.,* 459 F.3d at 571. The determination of what is a reasonable period of time is within the discretion of this Court and requires a particularized assessment of the documents in question. *Id.* It is not appropriate for a Court to

---

agency investigation" and then claim that he does not have access to documents that were gathered by other agencies. Moreover, there is no evidence that the federal government continues to investigate this matter.

simply quash a subpoena on the basis of the federal common law privilege – it must review the documents *in camera* and make a particularized assessment of the records. *Id.*

Finally, the privilege is meant to prevent techniques and procedures, protect the confidentiality of sources, witnesses, and personnel, and safeguard the privacy of individuals in the investigation. *Id.* 459 F.3d at 569 n.1.[5] The analysis requires a balancing test between protection of the government's interest and a party's need for the documents. 459 F.3d at 570.

Here, Hicks requests that the Court quash the subpoena in its entirety on the basis of a single statement that there is an ongoing criminal investigation. [ECF No. 23, p. 2-3]. Hicks has not made any particularized argument that every responsive document is subject to the federal law enforcement privilege. Indeed, many of the categories of documents do not seek the identity of any individuals or law enforcement techniques. *See* Exs. 1 *and* 2 (seeking information from plaintiff's own private telephone or photos of the incident in question).

Moreover, as stated in, *supra,* Sec. I(D), there are significant questions as to whether a reasonable amount of time has passed for this information to still be subject to the federal law enforcement privilege protections.[6] Hicks provided the Court with no evidence that would show that it is reasonable that an indictment has not been brought in two years of the shooting. One would expect the law enforcement agency to talk with the victims of the crime but, as noted, that

---

[5] The privilege is also limited "only to *government* documents." *United States v. Ocasio*, No. EP-11-CR-2728-KC, 2013 WL 2458617, at *5 (W.D. Tex. June 6, 2013).

[6] Federal courts are also required to consider ten factors laid out in *Frankenhauser v. Rizzo,* 59 F.R.D. 339, 334 (E.D. Pa. Mar. 13, 1973) in consideration of the law enforcement privilege. *In re U.S. Dep't of Homeland Sec.,* 459 F.3d at 570 (applying the *Frankenhauser* test). Plaintiffs do not address each factor because Movant has not presented any evidence to weigh. That said, it should be noted that – subject to a strict confidentiality and protective order – the narrowed categories of documents sought should weigh in favor of disclosure under the *Frankenhauser* factors. The confidentiality order would prevent this information from chilling sources, the plaintiffs' suit is non-frivolous and brought in good faith, the information sought is <u>not</u> available from other sources, and the information sought is important to Plaintiffs' case. *Id.*

has not happened to date. Indeed, one would think that the fact that the case "has become the subject of national headlines" would mean that an indictment would be pressing. [ECF No. 23, p. 3]. Yet, two years later, Plaintiffs are left without any justice in the criminal system while, at the same time, subject to Hicks' attempt to prevent Plaintiffs from seeking justice in their civil suit.

Therefore, because Hicks has not met his burden of proof that the federal law enforcement privilege applies to this case, his motion to quash should be denied.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Hicks' motion to quash or, in the alternative, permit an *in camera* review using the factors set forth in federal law to establish whether any law enforcement privilege applies to the documents in question.

Respectfully submitted,

BENOIT LEGAL, P.L.L.C.
The Law Center
311 Montana Ave, Suite B
El Paso, Texas 79902
Ph: (915)532-5544 / Fax: (915)532-5566

  /s/ *Christopher Benoit*
CHRISTOPHER BENOIT
Texas Bar No. 24068653
chris@coylefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will cause all parties or counsel of record to be served by electronic means.

  /s/ Christopher Benoit
**Christopher Benoit**

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:24-CV-00059-DB |
| LASALLE CORRECTIONS V LLC, | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Office of the 34th Judicial District Attorney, 500 E. San Antonio, 2nd Floor, El Paso, Texas 79901,
Phone (915) 546-2059, Fax (915) 533-5520, Email ElPasoDA@epcounty.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See EXHIBIT "A" and EXHIBIT "B."

| Place: Acr Ink LLC,<br>221 N Kansas St Suite 505, El Paso, TX 79901<br>Phone: (915) 542-3422 | Date and Time:<br><br>10/04/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/20/2024

CLERK OF COURT

_____           OR           _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
NAPOLEÓN SEPÚLVEDA MORENO, et al. _____, who issues or requests this subpoena, are:

Christopher Benoit, Benoit Legal, PLLC, 311 Montana, Suite B, El Paso, TX 79902, Ph: (915) 532-5544

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:24-CV-00059-DB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

The answers to these questions shall be taken before a Notary Public in the office indicated for production on the attached subpoena or elsewhere by agreement.

These questions may be used in evidence upon the trial of the matter made the basis of this civil action.

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

**Custodian of Records for:**   **The Office of the 34th Judicial District Attorney**

**Records Pertaining to:**        **Please see Exhibit "B"**

**Type of Records:**               **Exhibit "B"**

1.      Please state your full name, business address and official title.

        ANSWER:_____

2.      Please state by whom you are employed and the business address.

        ANSWER:_____

3.      Did you receive a subpoena duces tecum for the production of records and other documents pertaining to: any and all government records pertaining to the investigation and prosecution of **Mike Thomas Sheppard and Mark Edward Sheppard**, in the shooting death of Jesus Ivan Sepulveda Martinez, including but not limited to any reports received from the Texas Rangers, Hudpseth County Sheriff's Office, and any experts retained to investigate the incident, described in Exhibit "B"? Have you complied? Can you comply? If you have not or cannot comply, please state why and skip to question number 14.

        ANSWER:_____

4.      Do these records, reports, statements, or data compilations set forth the activities of the **Office of the 34th Judicial District Attorney**?

        ANSWER:_____

5.      Are these records, reports, statements, or data compilations under your care, supervision, direction, custody and/or control?

        ANSWER:_____

6.      Were these records, reports, statements, or data compilations made and kept as a regular practice in the course of your public office or agency?

ANSWER:_____

7.  In the regular course of the public agency, did the person who signed or otherwise prepared these records either have personal knowledge of the entries on these records, or obtain the information to make such records from sources who had such personal knowledge?

ANSWER:_____

8.  Were the entries of these records, reports, statements, or data compilations made at or near the time of the event recorded on these entries?

ANSWER:_____

9.  Please hand to the Officer / Notary Public taking this deposition copies of the records mentioned in Exhibit "B."

ANSWER:_____

10. Are the records you have produced either the originals or true and correct photostatic copies of the original records:

ANSWER:_____

11. Are the copies of the records, reports, statements, or data compilations certified as correct by you?

ANSWER:_____

12. Have you been requested, directed, or has it ever been suggested by any person (whether student, doctor, lawyer, patient, or anyone else) that any part of the records subject to this deposition be withheld or protected from discovery for any reason? If so, please state the name and address of the person who conveyed this information to you and when such event occurred.

ANSWER:_____

13. Do you have any reason to believe that the records subject to this deposition have been edited, purged, culled or in any other manner made different from the way such records existed when created? If so, please explain your knowledge or belief in that regard?

ANSWER:_____

14. Have you attempted to locate any and all records that would be responsive to the subpoena duces tecum?

ANSWER:_____

15.    In the event that no records can be found, or a portion of the records cannot be found, are there document archives (i.e. microfiche), document retention or destruction policies which explain their absence? If yes, please identify who has knowledge of those archives or policies for the **Office of the 34th Judicial District Attorney**.

ANSWER:_____

I hereby certify that I have answers the questions in Exhibit "A" truthfully and to the best of my knowledge.

_____

WITNESS, CUSTODIAN OF RECORDS

I, _____, a Notary Public in and for the State of Texas, do hereby certify that the foregoing answers of the witness were made by the said witness and sworn to and subscribed before me. The records attached hereto are exact duplicates of the original records.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2024.

_____

NOTARY PUBLIC, State of Texas

## DEFINITIONS

As used in these Requests for Production, the following terms have the following meanings:

1.  **"And/Or."** The connectives **"and"** and **"or"** should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.  **"Any/All."** The term **"any"** and **"all"** should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  **"Communication."** The term **"communication"** means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons, either orally or by documents, and includes, without limitation, conversations in-person or by telephone, cell phones, wires, telexes, letters, memoranda, email, and any other oral, visual, or documentary means of conveying information.

4.  **"Defendant,"** and "LaSalle," refer to Defendant **LaSalle Corrections V LLC,** means defendant, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of you or its successors, predecessors, divisions, and subsidiaries.

5.  **"Document."** The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, the following items, whether created or printed or recorded or reproduced by computer or by any mechanical process, or written or produced by hand, agreements, communications (including e-mail), state and federal governmental hearing reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, telephone bills, facsimile transmission sheets, invoices, bills of lading, receipts, accounting and other ledger-type books, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries, or records of meetings or conferences, summaries of reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings. A draft of a nonidentical copy is a separate document within the meaning of this term.

6.  **"Each."** The **"each"** should be construed as **"every,"** and vice-versa.

7.  **"Electronically stored information" and "ESI"** means data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. It includes voicemail messages, email messages, text messages, instant messages, WhatsApp messages, Facebook posts and messages, and electronic payroll or human resources data. The term also includes all information that is electronically stored on magnetic, optical, or

other storage media, such as servers, hard drives, flash drives, cellular phones, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated circuit systems (e.g. SIM card), or on cloud-based storage drives, such as Google Drive, iCloud, and Dropbox. This definition includes all metadata or other identifiers associated with all ESL This definition includes the native format of all ESL All ESI documents should be produced in their native format.

8.      **"Person"** means the singular as well as the plural and includes any natural person, partnership, corporation, association, joint venture, proprietorship, firm, agency, or other legal or business entity, and its agents and employees.

9.      **Identify (person)**. When referring to a person, "**identity**," and **"identify"** means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

10.     **Identify (document)**. When referring to documents, "**identity**," and **"identify"** means to give, to the extent known, the following information:
   a. the type of document;
   b. the general subject matter of the document;
   c. the date of the document;
   d. the authors, addressees, and recipients of the document;
   e. the location of the document;
   f. the identity of the person who has custody of the document; and
   g. whether the document has been destroyed, and if so,
      i. the date of its destruction,
      ii. the reason for its destruction, and
      iii. the identity of the person who destroyed it.

11.     **"Including"** shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitations to the examples or items mentioned.

12.     **"Knowledge," "information," "possession", "custody," and "control"** of a person shall be construed to include such a person's agents, representatives, and attorneys.

13.     "**Personnel file**," includes any documents or information in your possession, which relate to any person's employment with you, regardless of whether such information is maintained in different locations, files or folders.  This includes, but is not limited to resumes, employment applications, disciplinary records, time and attendance records, and pay records.

14.     **"Plaintiffs"** refers to the Plaintiffs in this action.

15.     A document or communication **"concerning," "relating to," "related to," or**

**"evidencing"** a given subject means a given subject means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, or is otherwise pe1tinent to that subject, including without limitation documents concerning the presentation of other documents., directly or indirectly.

16.   **"Worker"** refers to any person who performed any tasks for you or your farming business or your farm labor contracting business as your employees, officers, or agents.

17.   The present tense shall be construed to include the past tense and vice-versa.

18.   The masculine shall be construed to include the feminine and vice-versa.

19.   The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*i.e.* "ing," "ed," etc.) shall be construed to include each other.

20.   Any reference to a year (such as "from 2020") begins with the date of January 1 and encompasses all dates through December 31 of that calendar year.

21.   The term **"date"** means the day of the month, the month, and the year. If only the approximate date is known or available to you, please state the approximate date, stating that it is an approximation only.

## <u>INSTRUCTIONS</u>

1.   Each Request for Production shall be set forth immediately prior to the response thereto.

2.   You have a duty to supplement your responses to these Requests with subsequent information in accordance with Fed. R. Civ. Pro 26(e).  Plaintiffs request that you so supplement your responses.

3.   You must produce the requested documents as they are kept in the usual course of business, or you must organize and label them to correspond with the categories in these Requests. Fed. R. Civ. P. 34(b).

4.   Your responses *must* include ESI. *See* Fed. R. Civ. P. 34.
    a.   Responsive information contained in audio and video files must be produced in its native format. If proprietary software is required to access those files, they must be produced in a file format that does not require proprietary software.
    b.   Responsive information contained in emails much be produced in .pdf format (by printing to .pdf) or, if .pdf format is unavailable, in another text-searchable format such as .pst format.
    c.   Responsive information contained in text messages and iMessages must be produced in .xls (Microsoft Excel) or, if .xls format is unavailable, in .pdf format or, if .pdf format is also unavailable, in .csv, .jpeg, .png, or other native screenshot format.

     d.      Responsive information contained in image files must be produced in the native format.

     e.      Phone call history on cell phones must be produced in .xls (Microsoft Excel) or .csv format.

     f.      Posts on social media websites must be produced in .html, .pdf, or screenshot (.jpg or .png) format. Posts should include all likes and comments.

     g.      All other information must be produced in its native format, or, if native format is unavailable, in another reasonably accessible and text-searchable format in which it was normally accessed, edited, or maintained. When so requested, such information must be produced in an exported data format and recorded on a CD or USB drive, or shared with Plaintiff via Dropbox or some other electronic document sharing service.

5.     Responsive ESI must be produced with all relevant metadata.  This includes:

     a.      For all files created or accessed on a computer: originating path and filename, date created, date last modified, date last saved, authors, last saved by, and date last printed.

     b.      For emails: all information contained in the email header, including sender, receiver, CCs and BCCs, time sent, time received, subject, date, and all header metadata which indicates the IP address from which the email was sent.

     c.      For text messages: sender, receiver, CCs and BCCs, time sent, time received, subject, and date.

     d.      For images: EXIF data.

6.     **Production in paper hard copy, screenshot images, scanned copies of printed hard copies, and other formats that remove metadata is not acceptable.** If you contend that electronic production is unduly burdensome, please provide admissible evidence in sufficient detail to permit the Court to adjudicate your contention.

7.     If you produce ESI in a non-electronic format, without the metadata specified above or any other metadata, or if you object to the production of ESI, you must nevertheless preserve this information as required by law.

8.     Prior to production of any database, you shall meet and comer regarding the reasonableness and feasibility of any request for production of, or from, a database, including the scope, form, and content of any such production. You shall, however, make reasonable efforts to produce responsive information and data from databases using existing query and reporting capabilities of the database software. To facilitate such interrogation, you shall act reasonably and cooperatively to comply with requests from Plaintiffs for information about the reporting capabilities, structure, organization, query language, and schema of the database.

9.     In response to these Requests for Production, you are to furnish such documents as are available to you and any to which you have access and any that are currently in your possession or that of any agent, servant, or employee, including your doctors, attorneys, investigators, examiners, testers, and evaluators contracted by you or on your behalf.

10.    If any requested document is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, or (c) has been otherwise disposed of. In each such instance, explain the circumstances surrounding such disposition and state the date or approximate date thereof. If the documents are unavailable because they have been destroyed, state further the identity of the person who ordered them destroyed or who destroyed them, together with the reason for their destruction.

11.    Each request herein contemplates production of the entire material without abbreviation, redaction, or expurgation, including production of all drafts thereof, all revisions and modifications thereto, all transmittal sheets and cover letters accompanying the requested material, all exhibits and attachments to the material, and all enclosures sent with the material, in addition to the material itself.

12.    If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:
    a.    Description of the document (e.g. letter, deed, memorandum, computer data file, etc.) including its title if it has any;
    b.    Date(s) the document was generated or created;
    c.    Name, address, and telephone number of the author(s) of the document;
    d.    Name, address, and telephone number of any indicated recipient(s) of the document;
    e.    Name, address, and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;
    f.    Subject matter of the document;
    g.    Name, address, telephone number, and position of the person(s) who have custody or control over the document;
    h.    Number of pages comprising the document and
    i.    Basis for claiming privilege or exemption from discovery.

13.    For each Request or part of a Request that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

14.    With respect to any material requested where you assert any ambiguity in interpreting either these requests or a definition or instruction applicable thereto, you shall not use such assertion as a basis for refusing to respond, but you shall set forth as part of the response to the language asserted to be ambiguous the interpretation chosen or used by you in responding to these requests.

15.    Please label each document or file produced with a Bates-stamped number.

# EXHIBIT "B"

## PRODUCTION COMPELLED

Witness is to produce the following:

Full and complete copies any and all government records, documents, or tangible items, that have been obtained and/or created by the **Office of the 34th Judicial District Attorney** pertaining to the investigation and prosecution of **Mike Thomas Sheppard and Mark Edward Sheppard**, in the connection with the shooting of Jesus Ivan Sepulveda Martinez and Brenda Berenice Casias Carrillo, including but not limited to any reports received from the Texas Rangers, the Hudspeth County Sheriff's Office, and any experts retained to investigate the incident, and is the basis of this civil suit, to include, but not limited to the following:

**Occurrence Date:       September 27, 2022**
**TDPS Investigation: Invest#2022I-TRE-50098098**

1.   Complete copy of the Texas Rangers Report of Investigation;

2.   All reports and/or supplemental reports of any postmortem examination of Jesus Ivan Sepulveda Martinez;

3.   Any and all video or audio recording, stenographic recording, report, record, photograph, communication, and/or document form pertaining the Incident in Question:

4.   Any and all documents pertaining to any vehicles that were identified or located at the scene, including any documents that identify the owner of any vehicle;

5.   Any statements by any witness to the Incident in Question;

6.   Any statements by Mark Sheppard;

7.   Any statements by Michael Sheppard;

8.   Any statements obtained from the Hudspeth Co Water Control and Improvement District #1 ("Hudspeth Co WCID #1);

9.   Any statements obtained by the Hudspeth County Sheriff's Office (HCSO);

10.  Any statements obtained from the Hudspeth County Sheriff's Office (HCSO);

11.  Any and all documents detailing all investigative activities, including, but not limited to, Juan Torrez's case notes, charts and/or diagrams;

12.    Any and all documents detailing all investigative activities, including, but not limited to, Toby Catlin's case notes, charts and/or diagrams;

13.    Any and all documents detailing all investigative activities, including, but not limited to, Brent P. Mata's case notes, charts and/or diagrams;

14.    Any and all documents detailing all investigative activities, including, but not limited to, Thomas Norsworthy's case notes, charts and/or diagrams;

15.    Any and all documentation related to the Hudspeth County Sheriff's Office response to the Incident in Question;

16.    Any and all photographs reflecting any investigation conducted of the Incident in Question by the Texas Department of Public Safety;

17.    Any and all documentation related to an investigation regarding the ownership of the firearm allegedly used during the Incident in Question;

18.    Any and all documents related to claims or complaints made against Hudspeth County Sheriff's Office related to the Incident in Question;

19.    Any video obtained from Hudspeth County Sheriff's Office officers, employees, or contractors responding to the Incident in Question (this includes bodycam and dashcam footage);

20.    Any and all documents related to any claims made by Jesus Ivan Sepulveda Martinez, Brenda Berenice Casias Carrillo, or any other intergovernmental body/agency in connection with the Incident in Question;

21.    Any and all documentation reflecting how Mark Sheppard was employed by Hudspeth County Sheriff's Office;

22.    Any and all documents obtained on the subject of Mark Sheppard, except for any protected health information and/or sensitive financial information.

23.    Any and all documents obtained on the subject of Michael Sheppard, except for any protected health information and/or sensitive financial information.

24.    All other documents or information relating to the investigation and/or Incident in Question.

25.    The Computer Aided Dispatch (CAD) report for this incident;

26.    Event Chronology for this incident;

27.    All 911 call recordings for this incident;

28.     The 911 call log for this incident;

29.     Body camera (officer-worn) videos and audio recordings for this incident;

30.     Dash camera (in-car) videos and audio recordings for this incident; and

31.     All other videos and audio recordings obtained in connection to the incident.



**BENOIT LEGAL PLLC**
311 MONTANA AVE STE B
EL PASO, TX 79902

4247

88-1761/1120
1

CHECK ARMOR
FRAUD PROTECTION

DATE 8/20/2024

PAY TO THE ORDER OF _Office of the 34th Judicial District Attorney_   $ 40.00

_forty and NO/100_ ——————————————— DOLLARS

**WestStar**
WestStar Bank
PO Box 99100
El Paso, Texas 79999-9100

FOR _Fed. R. Civ. P. 45 Subpoena_

⑈004247⑈

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action



# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

| | |
|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:24-CV-00059-DB |
| LASALLE CORRECTIONS V LLC, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Office of the 34th Judicial District Attorney, 500 E. San Antonio, 2nd Floor, El Paso, Texas 79901,
          Phone (915) 546-2059, Fax (915) 533-5520, Email ElPasoDA@epcounty.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          See EXHIBIT "A" and EXHIBIT "B."

| Place: Acr Ink LLC, | Date and Time: |
|---|---|
| 221 N Kansas St Suite 505, El Paso, TX 79901 | |
| Phone: (915) 542-3422 | 10/04/2024 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/20/2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
NAPOLEÓN SEPÚLVEDA MORENO, et al. _____ , who issues or requests this subpoena, are:

Christopher Benoit, Benoit Legal, PLLC, 311 Montana, Suite B, El Paso, TX 79902, Ph: (915) 532-5544

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-CV-00059-DB



## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* X Office of the 34th Judicial
on *(date)* 08-21-24 . District Attorney

☒ I served the subpoena by delivering a copy to the named person as follows: Office of the 34th
Judicial District Attorneys office
on *(date)* 8-21-24 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08-21-24

_____
*Server's signature*

Cristian Galarza
dba LJ's Associates Legal
*Printed name and title*

P.O. Box 26935, El Paso, TX 79926
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 2

**From:**     Michael Gomez
**To:**        Chris Benoit
**Cc:**        Aynimae Dominguez
**Subject:**  Re: Sheppard"s subpoena
**Date:**     Monday, September 16, 2024 6:02:08 PM

Thank you. Please note that the delay and reluctance is due to a multi agency investigation.

Get Outlook for iOS

**From:** Chris Benoit <chris@coylefirm.com>
**Sent:** Monday, September 16, 2024 2:58:09 PM
**To:** Michael Gomez <M.Gomez@epcountytx.gov>
**Cc:** Aynimae Dominguez <aynimae@coylefirm.com>
**Subject:** RE: Sheppard's subpoena

Our response is due tomorrow. I will note that you are still considering this narrowed request.

**From:** Michael Gomez <M.Gomez@epcountytx.gov>
**Sent:** Monday, September 16, 2024 2:57 PM
**To:** Chris Benoit <chris@coylefirm.com>
**Cc:** Aynimae Dominguez <aynimae@coylefirm.com>
**Subject:** Re: Sheppard's subpoena

Chris,

I asked my client to reconsider your request. I was told i'd have an answer by Wednesday.

MG

Get Outlook for iOS

**From:** Chris Benoit <chris@coylefirm.com>
**Sent:** Monday, September 16, 2024 1:29:41 PM
**To:** Michael Gomez <M.Gomez@epcountytx.gov>
**Cc:** Aynimae Dominguez <aynimae@coylefirm.com>
**Subject:** RE: Sheppard's subpoena

Mr. Gomez,
I wanted to confirm with you that, as we discussed by phone, Plaintiffs have agreed to narrow our subpoena to a subset of records. Though we talked generally about this subset, I wanted to make sure that we were specific about which categories of documents it would include. Plaintiffs have agreed to narrow the scope of our subpoena to the following categories of documents

from Exhibit B of the initial subpoena: paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 11, 16, 17, 19, 21, 25, 26, 27, 28, 29 ,30, 31. We also asked for any inspection, catalogue, inventory, or summary of the contents of my client Brenda Berenice Casias Carrillo's telephone which was taken as evidence and not been returned to her. We also requested any ballistics analysis or information regarding the weapon and ammunition used during the shooting.

We agree that our subpoena does not include documents protected by attorney-client privilege or attorney work product doctrine.

I am also amenable to this request being subject to a confidentiality order akin to the Western District of Texas protective order:
https://www.txwd.uscourts.gov/wp-content/uploads/Forms/Civil/Western%20District%20of%20Texas%20Protective%20Order.pdf

I understand that, other than the original complaint and affidavit produced on our office on September 13, 2024, your client is unwilling to otherwise agree to our narrowed scope above.

Please let me know if my understanding is incorrect.

Best Regards,
Chris

**Christopher Benoit**

## BENOIT LEGAL
— PLLC —

**PLEASE NOTE OUR NEW ADDRESS:**
311 Montana Avenue, Ste B
El Paso, Texas 79902
Tel (915) 532-5544
Fax (915) 532-5566
chris@coylefirm.com
www.coylefirm.com
CONFIDENTIALITY NOTICE:
The contents of this e-mail are confidential to the sender and ordinary user of the e-mail address to which it was addressed, and may also be privileged. If you are not the addressee of this e-mail, you may not copy, forward, disclose or otherwise use it or any part of it in any form whatsoever. If you have received this e-mail in error, please advise the sender. Thank you.

**From:** Michael Gomez <M.Gomez@epcountytx.gov>
**Sent:** Wednesday, September 4, 2024 10:33 AM
**To:** Chris Benoit <chris@coylefirm.com>
**Subject:** RE: Sheppard's subpoena

Hi Chris,

I talked to my client about the specific documents you requested. Give me a call when you can. 915-887-8936

Michael A. Gomez,
Assistant County Attorney
El Paso County Attorney's Office
320 S. Campbell St., Suite 200, El Paso, TX. 79901
915-273-3238 / 915-273-3244 / 915-273-3247
Fax: 915-273-3277
e-mail address: mgomez@epcounty.com

**CONFIDENTIALITY NOTICE: The documents in or accompanying this electronic mail transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named above. If you have received this transmission in error, no privilege is intended to be waived. Please immediately notify us by telephone (915)-273-3238 to arrange for return of the original document to us. You are hereby notified that any disclosure, copying, distribution or the taking of any action by relying on the contents of this e-mail transmission information is strictly prohibited.**

**From:** Chris Benoit <chris@coylefirm.com>
**Sent:** Tuesday, September 3, 2024 2:32 PM
**To:** Michael Gomez <M.Gomez@epcountytx.gov>
**Subject:** RE: Sheppard's subpoena

Michael,
You bet. I'm a bit under the gun. Can we catch up tomorrow?

Thanks
Christopher Benoit



**Christopher Benoit**
BENOIT LEGAL
PLLC

**PLEASE NOTE OUR NEW ADDRESS:**
311 Montana Avenue, Ste B
El Paso, Texas 79902
Tel (915) 532-5544
Fax (915) 532-5566
chris@coylefirm.com
www.coylefirm.com
CONFIDENTIALITY NOTICE:
The contents of this e-mail are confidential to the sender and ordinary
user of the e-mail address to which it was addressed, and may also be
privileged. If you are not the addressee of this e-mail, you may not
copy, forward, disclose or otherwise use it or any part of it in any
form whatsoever. If you have received this e-mail in error, please
advise the sender. Thank you.

---

**From:** Michael Gomez <M.Gomez@epcountytx.gov>
**Sent:** Tuesday, September 3, 2024 9:06 AM
**To:** Chris Benoit <chris@coylefirm.com>
**Subject:** Sheppard's subpoena

Chris,

I'm handling the Sheppard subpoena for the DA. The case is still under a multi-
agency investigation. Would you consider withdrawing your subpoena until the matter
is resolved. Please call me on my cell if you wish to discuss: 915-887-8936

Michael A. Gomez,
Assistant County Attorney
El Paso County Attorney's Office
320 S. Campbell St., Suite 200, El Paso, TX. 79901
915-273-3238 / 915-273-3244 / 915-273-3247
Fax: 915-273-3277
e-mail address: mgomez@epcounty.com

**CONFIDENTIALITY NOTICE: The documents in or accompanying this electronic mail
transmission contain confidential information which is legally privileged. The
information is intended only for the use of the recipient named above. If you have
received this transmission in error, no privilege is intended to be waived. Please
immediately notify us by telephone (915)-273-3238 to arrange for return of the
original document to us. You are hereby notified that any disclosure, copying,
distribution or the taking of any action by relying on the contents of this e-mail
transmission information is strictly prohibited.**

# EXHIBIT 3

## AFFIDAVIT OF PROBABLE CAUSE

I, Ranger Juan Torrez, state that I am the Complainant with regard to the alleged offense of Manslaughter Penal Code 19.04:a _____, which I state has been committed by Michael Sheppard DOB ▉▉▉▉▉▉.

I further state that __Michael Sheppard__ , on or about the 27TH day of September, 2022; did the following:

I further stat that I have furnished this information to the Court of Jurisdiction On September 27, 2022, a group of illegal immigrants were traversing the desert located near Sierra Blanca, Texas, which is located in Hudspeth County. At approximately 7:00 pm MST the group stopped and was drinking water out of the reservoir at Fivemile Tank, which is located north of the intersection of Indian Hot Spring Rd and FM 1111. A vehicle began to pass the group and the group took cover to avoid being detected. The vehicle then backed up and the driver exited the vehicle. The driver leaned on the hood of the vehicle and fired two shots from a firearm at the group of illegal immigrants. The driver then re-entered the vehicle and fled the scene. One of the illegal immigrants was struck in the stomach and was transported to the hospital. Another illegal immigrant was fatally struck and died at the scene. During interviews of illegal immigrants by Federal Agents, the illegal immigrants stated they overheard one of the males shout something in Spanish to the effect of, "Come out you sons of bitches, little asses!" then revved the engine of the truck. The illegal immigrants then stated they were hiding in the brush, heard the engine of the vehicle rev so they looked up to see if the vehicle had driven away, at which point they heard two gunshots with one of them stating they had been shot. Agents began checking cameras and located a vehicle matching the description of a vehicle from a previously stored image in a data base. A vehicle matching the description was found in Sierra Blanca at ▉▉▉▉▉ Agents made contact with the owner of the residence identified as Michael Sheppard. Michael Sheppard admitted the vehicle belonged to him. Michael Sheppard told us he was the only one that drives that vehicle. We asked him about the incident involving the illegal immigrants and he was reluctant to speak with us about it and left. Agents and I then conducted a non-custodial interview of Mark Sheppard. Mark Sheppard initially told us that he was never in the location where the shooting occurred. He later changed his story and admitted that he and Michael Sheppard, his brother, were together on the evening of September 27, 2022. Mark Sheppard told us Michael Sheppard was driving and they traveled to Fivemile Tank. Mark Sheppard told us they stopped at Fivemile Tank and said they were looking for ducks, then changed it to birds and then to Javelina's. Mark Sheppard told us he used binoculars and saw a "black butt" thinking it was a Javelina. Mark Sheppard told us Michael Sheppard exited the truck with a shotgun, leaned on the hood of the vehicle and fired two rounds. Mark Sheppard told us he asked Michael Sheppard something to the effect of, "did you get him?". Mark Sheppard then changed "him" to "it". I asked him if either he or his brother went to confirm that they had shot anything, and he said they did not. Mark Sheppard told us they never yelled anything and after shooting then left to attend a Hudspeth Water Board meeting. Mark Sheppard told us this was when he heard on the radio that an illegal immigrant was found at the dump suffering from a gunshot wound. Mark Sheppard stated that's too far from where we were shooting. We asked Mark Sheppard what he did when he found out that one of the illegal immigrants had been discovered deceased at the location he and his brother were shooting, and he said he did not do anything. He also stated to us that he failed to report to any law enforcement authorities he and his brother were in the location where the illegal immigrant was discovered deceased the previous date shooting for the prosecution and for the purpose of filing a complaint and information.

AFFIANT

_Juan Torrez_

SWORN AND SUBSCRIBED TO BEFORE ME, by the said Affiant on the __29TH__ day __September__ , 2022, in Hudspeth County, Texas.

NOTARY PUBLIC, STATE OF TEXAS
CLERK OF COURT
My Commission Expires _____
Notary's Printed or Typed Name

TO _____

## COMPLAINT

THE STATE OF TEXAS

VS

MICHAEL SHEPPARD

Filed this ___29TH_____ day of

___SEPTEMBER_____ 2022

Justice of the Peace, Precinct No. __1__

Hudspeth County, Texas

STATE WITNESSES

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

BEFORE ME, the undersigned authority, on this day personally appeared Ranger Juan Torrez

Who, after being sworn, upon oath deposes and says (that he has good reason to believe and does believe and charge)

that one: Sheppard, Michael

on ( or about ) the 27TH day of September , A. D. 2022, and before the making and filing of this complaint,

in Justice of Peace Precinct No. 1 of Hudspeth County, State of Texas, did then and there unlawfully and

willfully MANSLAUGHTER
          PENAL CODE 19.04:a

          2ND DEGREE FELONY  against the peace and dignity of the state.

Address ▮▮▮▮▮▮▮

          Sierra Blanca, Tx 79851                         Sworn to and subscribed before me this _____ day

Drivers License No ▮▮ FL                                  of _____, A.D. 2022

Date of Birth ▮▮▮▮▮

Sex MALE  Race White  Ht.___ Wt.

## THE STATE OF TEXAS

To any Peace Officer of the State of Texas, Greeting:

    You Are Hereby Commanded to arrest MICHAEL SHEPPARD

If to be found in your County and bring MICHAEL SHEPPARD

Before me, a Justice of the Peace in and for Precinct No. 1, Place No. 1 of _Hudspeth_

County, Texas, at my Office in _____Sierra Blanca_____

In said County, Immediately, then and there to answer the State of Texas for an offense against the laws of said

State, to-wit:
MANSLAUGHTER
TEXAS PENAL CODE 19.04:a
2ND DEGREE FELONY

_____of which offense __he, _____is accused by the written

complaint, under oath, of _____Ranger Juan Torrez_____, filed before me.
                               (Name of Complainant)
    Herein Fail Not, but of this writ make due return, showing how you have executed the same.

Witness my official signature, the ___29___ day of ___September___ 2022.
                                              _____ Justice of the Peace.
           Precinct No. 1, Place No. 1 ___Hudspeth___ County, Texas

File No._____

IN JUSTICE'S COURT

Precinct No. 1, Place No. 1

Of Hudspeth County.

**THE STATE OF TEXAS**

**Vs**

SHEPPARD, MICHAEL

**WARRANT OF ARREST**

Issued _Sept. 29_ 2022

_____ J.P.

Precinct No. 1, Place No. 1.

Hudspeth County, Texas.

SHERIFF'S OR CONSTABLE'S RETURN

Came to hand the __ . of ,_____  _.,.:_ .......  ., and executed on the __ day of _____
by arresting the within named _____  _____ at _ ___
_____ in Hudspeth County, Texas, and*Taking his bond, *placing him in jail at       ,
Texas.
 I actually and necessarily traveled_____ miles in the service of this writ, in addition to any other
mileage I may have traveled in the service of other process in this cause during the same trip.
FEES-Making Arrest.....$_____
 Mileage..............._____
 Taking Bond........._____
 Commitment......._____
 Release............._____
  Total:............._____
*Strike according to facts

_____ , Sheriff
_____ , Texas
by_____

# EXHIBIT 4

Case 3:24-cv-00059-DB Document 32 Filed 09/17/24 Page 43 of 48

**On the Border** | FOLLOW | 0 Followers

# A long road to justice: Twin brothers remain in Florida a year after shooting at migrants in Sierra Blanca, Texas

By **Gabby Hernandez** | FOLLOW

**October 23, 2023 11:30 PM** | Published October 23, 2023 11:22 PM

**4** 

EL PASO, TEXAS -- Two men are accused of shooting at a group of migrants who had stopped to get a drink of water, killing one and wounding another, according to investigators. The shooting happened on Sept. 27, 2022, near Sierra Blanca, Texas.

Michael and Mark Sheppard, both 61, are out on a $500,000 dollar bond each, according to Michael Sheppard's lawyer, Brent Mayr.

ADVERTISING

32-year-old Brenda Berenice Casias spent four months recovering from the gunshot wound she suffered. She says she played dead, afraid she would be shot again.

Court records say Michael and Mark Sheppard allegedly attacked the migrants while they rested at "Five mile tank", a well-known watering hole. One of the migrants was 22-year-old Jesús Ivan Sepúlveda, who was shot and killed.

He was a married father of two. His wife says he was on his way to work as a house painter in San Antonio, Texas.

ADVERTISEMENT



Join the conversation

"

## Have Your Say.

Leave A Comment Below And Let Us Know What You Think.

Open ad privacy settings

The Sheppard brothers were arrested at home and charged with manslaughter and aggravated assault with a deadly weapon. Investigators say the brothers first told them they were looking for ducks, but they later said they were looking for Javelinas, which is a wild pig commonly found in Sierra Blanca.

Casias said, "That's a lie, they looked at us face-to-face before shooting."

The migrants told investigators the Sheppard's yelled racial slurs in broken Spanish before firing. Attorney Brent Mayr represents Michael Sheppard and he denies the allegations.

"They had no idea that there were human beings out there in the desert at that time of night. There's no way they could have seen or even known that those were human beings out there. And so I want to be very clear that any accusations about them saying anything in Spanish or thinking that they were communicating with human beings is absolutely false," Mayr said.

Meanwhile, Jesus Sepulveda's family wants to know why the Sheppard brothers are free and unindicted more than a year later. Napoleon Sepulveda demands justice from U.S. authorities. "I would like to ask the lawyers and the authorities to please not forget about my son's case. My son deserves justice" Sepulveda said.

After being charged with the shootings of both migrants, the Sheppards bonded out and returned to their home state of Florida. When I reached out to the Hudspeth county district clerk's office they said, "... the Sheppard brothers have not been indicted yet."

ABC-7 asked why and they said "they didn't know why" and directed me to prosecutors. That would be district attorney Bill Hicks, who serves the 34th judicial district, which includes Sierra Blanca. The chief of staff says they can't indict because law enforcement has yet to turn over the case to them. I asked El Paso criminal defense attorney Omar Carmona if it's normal for the case to be pending this long, to which he replied, "It's within their discretion when they're going to bring the charges within the statute of limitations." The manslaughter charge has no statute of limitations.

However, Texas law requires aggravated assault cases be indicted within 2 years or else they'll be dismissed. That means the alleged aggravated assault against Casias could be dismissed.

"It's our position that hopefully that they recognize that it is an accident and nothing more" said attorney Brent Mayr. The FBI confirmed they also have an open investigation. Federal prosecutors have not responded to my emails asking about the status of their case. Jesus Sepulveda's family says no one has contacted them since December of 2022 and Casias says she has already cried and suffered a lot and all she cares about now is for justice to be served.

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, LUZ MARIA MARTINEZ CASTRO, and SANDRA LIZETTE CARDENAS RAMIREZ, Individually and Next Friend of S.S.C., minor child, Individually and for and on behalf of All Those Who Are Entitled to Recover under the Texas Wrongful Death and Survival Acts for the Death of JESUS IVAN SEPÚLVEDA MARTINEZ, and BRENDA BERENICE CASIAS CARRILLO, | § § § § § § § § § § § | |
| | § | 3:24-CV-00059-DB |
| Plaintiffs, | § § | |
| v. | § § | |
| LASALLE CORRECTIONS V LLC, | § § | |
| Defendant. | § § | |

### LASALLE CORRECTIONS V, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION

TO:     Plaintiffs, by and through their attorney of record, Christopher Benoit, Benoit Legal, PLLC, The Law Center, 311 Montana, Suite B, El Paso, Texas 79902.

Pursuant to Federal Rule of Civil Procedure 34, LaSalle Corrections V LLC ("LaSalle Corrections") serves its Objections and Responses to Plaintiffs' Request for Production.

*<Signature page follows.>*

1

Respectfully submitted,

**KEMP SMITH LLP**
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (Facsimile)

*Valerie R. Auger*

By:   VALERIE R. AUGER
State Bar No. 24076251
Valerie.Auger@kempsmith.com
SEBASTIAN NUNEZ
State Bar No. 24110169
Sebastian.Nunez@kempsmith.com

*Attorneys for LaSalle Corrections V LLC*


<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies a true and correct copy of the foregoing document was served on this 22nd day of July 2024 to the following via electronic mail:

Christopher Benoit
chris@coylefirm.com
Benoit Legal, PLLC
The Law Center
311 Montana, Suite B
El Paso, Texas 79902

*Attorney for Plaintiffs*

*Valerie R. Auger*
VALERIE R. AUGER

2

**RESPONSE:** LaSalle Corrections is enduring a reasonable and diligent search to identify any responsive documents specific to this Request. LaSalle Corrections expressly reserves the right to supplement and amend this response at a later time to the extent any responsive documents to this Request are identified.

**REQUEST FOR PRODUCTION NO. 12:**

All communications by or between Mike Sheppard, on the one hand, and any agent or representative of Hudspeth County, on the other hand, from August 15, 2022 to October 1, 2022.

**RESPONSE:** Objection. LaSalle Corrections objects to this Request as it seeks documents outside of LaSalle Corrections's possession, custody, or control. A party may serve another party a request to produce documents or electronically stored information "in the responding party's possession." *See* Fed. R. Civ. P. 34(a)(1). However, a party cannot produce what it does not have. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 299 (N.D. Tex. 2017). As worded, this Request seeks communications from Michael Sheppard to "any agent or representative of Hudspeth County." LaSalle Corrections does not have full access or control of Michael Sheppard's information as the Federal Bureau of Information confiscated LaSalle Corrections computers Michael Sheppard would use for work.

**REQUEST FOR PRODUCTION NO. 13:**

All communications by or between Mike Sheppard, on the one hand, and any agent or representative of the Hudspeth County Water Control and Improvement District #1, on the other hand, from August 15, 2022 to October 1, 2022.

**RESPONSE:** Objection. LaSalle Corrections objects to this Request as it seeks documents outside of LaSalle Corrections's possession, custody, or control. A party may serve another party a request to produce documents or electronically stored information "in the responding party's possession." *See* Fed. R. Civ. P. 34(a)(1). However, a party cannot produce what it does not have. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 299 (N.D. Tex. 2017). As worded, this Request seeks communications from Michael Sheppard to "any agent or representative of the Hudspeth County Water Control and Improvement District #1." LaSalle Corrections does not have full access or control of Michael Sheppard's information as the Federal Bureau of Information confiscated LaSalle Corrections computers Michael Sheppard would use for work.

**REQUEST FOR PRODUCTION NO. 14:**

All communications by or between your agents referencing meetings with the Hudspeth County Sheriff's office and Hudspeth County Commissioner Andrew Verdell and/or Arvin West from August 15, 2022 to September 27, 2022.

**RESPONSE:** After a diligent search, no responsive documents were identified. However, LaSalle Corrections expressly reserves the right to supplement and amend this response at a later time to the extent any responsive documents to this Request are identified.