IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NAPOLEÓN SEPÚLVEDA MORENO, | § | |
| and LUZ MARIA MARTINEZ CASTRO, | § | |
| and SANDRA LIZETTE CARDENAS | § | |
| RAMIREZ, as Next Friend of | § | |
| S.S.C., minor child, | § | |
| Individually and for and on behalf of | § | |
| All Those Who Are Entitled To Recover | § | |
| Under The Texas Wrongful Death | § | |
| and Survival Acts for the Death of | § | |
| JESUS IVAN SEPÚLVEDA MARTINEZ, | § | |
| and BRENDA BERENICE CASIAS | § | |
| CARRILLO, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | NO. 3:24-CV-00059-DB |
| | § | |
| LASALLE CORRECTIONS V LLC, | § | |
| | § | |
| *Defendant*. | § | |

**<u>PLAINTIFFS' MOTION IN LIMINE</u>**

TO THE HONORABLE DAVID BRIONES:

COME NOW, Plaintiffs, NAPOLEON SEPÚLVEDA MORENO, LUZ MARIA MARTINEZ CASTRO, and SANDRA LIZETTE CARDENAS RAMIREZ, as Next Friend of S.S.C., minor child, Individually and for and on behalf of all those who are entitled to recover under the Texas Wrongful Death and Survival Acts for the death of JESUS IVAN SEPÚLVEDA MARTINEZ, and BRENDA BERENICE CASIAS CARRILLO in the above-entitled and captioned cause and pursuant to Local Rule CV-16(e)(9), submit their Motions in Limine as follows:

1

1. Any reference to the following details regarding Brenda Berenice Casias Carrillo or Jesus Ivan Sepúlveda Martinez: the identity of individuals (not including the Mr. Sepúlveda Martinez and Ms. Casias Carrillo) with whom they were traveling on September 27, 2022 other than the number of people who were traveling with her and their general physical characteristics (estimated age, physical countenance, etc. if known); the identity of anyone who aided their entry into the United States; the location where they crossed into the United States; the details of their travel from their home community to the U.S.-Mexico border; any details regarding arrangements made to enter the United States; arrangements they made to travel inside the United States; any detail regarding any payment made or owed to cross into the United States.

   **GRANTED / DENIED / MODIFIED AS FOLLOWS:**    **AGREED.**[1]

2. Any reference to the current or former immigration status of Brenda Berenice Casias Carrillo.

**GROUNDS:** Plaintiff filed a preliminary motion in limine for trial depositions on this topic with regards to any victim or family member plaintiff of the shooting. [ECF No. 92]. Defendant opposed it on the basis that the motion—being filed in anticipation of a deposition—was not appropriate under discovery rules. [ECF No. 94]. The Court opposed said motion for preliminary relief. [ECF No. 96].

Plaintiff now brings this modified motion in limine for purposes of trial and would ask that it be granted for the following reasons. As a preliminary note, Plaintiffs Napoleon Sepulveda Moreno, Luz Maria Martinez Castro, and Sandra Lizette Cardenas Ramirez are not authorized to come into the United States and are not present in the United States. This fact will be made known to the jury as it is the explanation as to why they will not be present at their own trial. This Motion in Limine is not sought for their testimony.

Questions regarding the immigration status of Ms. Casias, however, seek information that is not admissible and which should be excluded under Fed. R. Evid. 401, 403, and 608(b). Such

---

[1] Pursuant to a stipulation reached by the parties on July 23, 2025, this motion in limine is unopposed by Defendant.

2

information is minimally probative and extremely prejudicial to Ms. Casias' ability to bring these claims to Court.

First, Ms. Casias has brought claims for assault and battery against Defendant based on the actions of Michael Sheppard. [ECF No. 10]. The elements of these claims in no way implicate immigration status. Case law has repeatedly rejected the introduction of immigration status for reasons that do not involve material issues under these circumstances.

In *Lopez v. Director, TDCJ-CID,* 2023 WL 8287058, *6 (E.D. Tex. Oct. 16, 2023) the court considered a *habeas corpus* petition and the trial evidence in a sexual assault and sex abuse criminal trial and denied habeas relief. In assessing the grounds for habeas relief, the court upheld the trial court's decision to exclude evidence of the victim's immigration status under Tex. R. Evid. 401 and 403—both of which are nearly identical to the federal counterparts. *Id*. The evidence in question was whether the victim nodded to a question in an interview with law enforcement about whether their immigration status played a role in coming forward with the allegations at issue. The court found that "the probative value of the evidence [to show bias or motive] and Appellant's need for it is slight, especially when considered in its proper context." *Id.*[2]

Similarly, in *Martino v. Kiewit New Mexico Corp.,* 600 Fed.Appx. 908, 913 (5th Cir. 2015), the court faced a negligence claim involving a plaintiff who was run over by a third-party employee. The appellate court upheld the district court's exclusion of evidence concerning the employee's immigration status under Rules 401 or 403 because the evidence "bore no relevance." *Id.*

The Texas Supreme Court has found that the immigration status of a victim in a civil injury case under state rules is irrelevant for impeachment purposes where it is "not relevant to proving

---

[2] The trial court also found that the evidence was more prejudicial to the victim than probative. *See, id.* at *11.

3

a material issue in the case." *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241–42 (Tex. 2010). The court went on to state that "[t]he only context in which courts have widely accepted using such evidence for impeachment is in criminal trials, where a government witness's immigration status may indicate bias, particularly where the witness traded testimony for sanctuary from deportation." *Id.* Though federal courts have more leeway to permit inquiry into "collateral instances of misconduct that go to credibility" than under Texas rules, the Fifth Circuit has stated in the context of a criminal case that "a defendant's illegal status is considered so inflammatory that it is often the subject of motions in limine, the point of which is to ensure that testimony is not revealed to the jury that is so prejudicial that even a subsequent instruction to disregard cannot under the damage." *Sanchez v. Davis,* 888 F.3d 746, 750 (5th Cir. 2018) (collecting cases). *See also Guel-Rivas v. Thaler,* No. W-09-CA-186, 2012 WL 12838532, *5 n5 (W.D. Tex. Jan. 19, 2012) *report and recommendation adopted,* No. CV W-09-CA-00186, 2012 WL 12838533 (W.D. Tex. Apr. 16, 2012), *aff'd sub nom. Guel-Rivas v. Stephens*, 599 F. App'x 175 (5th Cir. 2015) (considering that references to immigration status in punishment phase as "arguably prejudicial").

Second, Rule 403 requires a balancing between the prejudicial effect of testimony and the probative nature of the evidence. The prejudicial effect of having to reveal these details in public or on the record cannot be overemphasized. The Fifth Circuit has recognized the serious *in terrorem* effect of inquiries into immigration status, noting that such inquiries can intimidate plaintiffs, family members, and witnesses, and thereby prevent them from exercising their rights. *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540, 562 (5th Cir. 2016). The court in *Cazorla* noted that claimants "could fear that [the defendant] will report them and their families to immigration authorities" even with a protective order in place. *Id.* at 560.

4

Other courts agree. In *Garcia v. Palomino, Inc.*, No. 09-02115-EFM, 2010 WL 5149280, at *1 (D. Kan. Dec. 13, 2010), the court found that "the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted *far* outweighs whatever minimal legitimate value such material holds for Defendants." Courts have also specifically rejected attempts to use immigration status for impeachment or to test credibility. *See Francis v. Apex USA, Inc.*, No. CIV-18-583-SLP, 2020 WL 548565 (W.D. Ok. Feb. 4, 2020) (holding that any probative value immigration status may have to test credibility is outweighed by the chilling effect).

Even if Defendant were to argue that immigration status is somehow relevant to credibility, courts have consistently held that "a witness's credibility is always at issue and may be tested in a variety of ways without imposing an undue burden on a party.... [T]hat a party's credibility is at issue does not by itself warrant unlimited inquiry into the subject of immigration status when such examination would impose an undue burden on private enforcement of [legal] laws." *Avila-Blum v. Casa de Cambio Delgado, Inc.*, 236 F.R.D. 190, 192 (S.D.N.Y. 2006).

The chilling effect on access to justice is well-documented by empirical research. As stated above, one study shows that 17% of adults in immigrant families avoided activities where they might be asked about citizenship status. *Adults in Immigrant Families Report Avoiding Routine Activities Because of Immigration Concerns*, Urban Institute.

The National Immigrant Women's Advocacy Project surveyed judges between 2016 and 2017, finding that responding judges reported 54% of their cases in 2017 were interrupted due to victims' fears of coming to court. They also reported seeing immigration status raised by opposing parties against victims in 39% of criminal cases and 32% of civil protection orders. Nat'l Immigrant Women's Advocacy Project, *Promoting Access to Justice for Immigrant and Limited English*

5

*Proficient Crime Victims* at 14-15 (2018), https://niwaplibrary.wcl.american.edu/wp-content/uploads/Immigrant-Access-to-Justice-National-Report.pdf.

Here, the elements of the two causes of action brought by Ms. Casias require an assessment of Michael Sheppard's intent but no assessment of Ms. Casias's mental intent. The only relevance it could remotely have at trial would be to credibility which is not sufficient to overcome the requirements of Rule 401 and 403—similar to the preclusion of the victim's immigration status in the assault claim in *Lopez v. Director, TDCJ—CID,* 2023 WL 8287058, *6. The immigration status of Ms. Casias prior to the incident or subsequent to the incident has no bearing on whether Michael Sheppard intentionally shot Ms. Casias or whether he was acting as LaSalle's vice principal when he shot the victims. Nor does it bear on her damages. Ms. Casias is not seeking economic damages that might conceivably implicate immigration status, and is seeking only non-economic personal injury damages, and punitive damages for which immigration status is wholly irrelevant.

The risk of prejudice from references to immigration status, on the other hand, is particularly high in this case and need not be overstated, as studies have documented significant prejudice against immigrants in judicial proceedings even before the present moment in our country. The probative value of those questions is low, if present at all. The potential for unfair prejudice substantially outweighs any conceivable probative value. Fed. R. Evid. 403.

For these reasons, Plaintiff respectfully requests that this motion in limine be granted.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

3. Any reference that Plaintiffs may have received, sought, or may have been eligible to receive benefits from a collateral source, included but not limited to the following: Group insurance or health benefits; Medicaid; benefits under the Social Security Administration; settlement payments from other parties or non-parties; worker's compensation insurance; life insurance benefits; and services offered by social service agencies at no charge., because their involvement and/or payments is a collateral source.

**GROUNDS:** *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011); Restatement (Second) of Torts Section 920A(2).

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

4. Any reference or mention to any of Plaintiffs' pleadings which have been superseded by the most recent amended pleading.

**GROUNDS:** Fed. R. Evid. 401, 403.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

5. Any reference to the fact that any Plaintiff may have been arrested, prosecuted, convicted, or may have had problems with the law.

**GROUNDS:** Fed. R. Evid. 404(b).

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

6. Any reference to the fact that any witness may have been arrested, prosecuted, convicted, or may have had problems with the law, unless permitted by impeachment.

**GROUNDS:** Fed. R. Evid. 404(b).

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

7. Any reference or suggestion that Plaintiffs "could have" or "should have" sued another party.

**GROUNDS:** Fed. R. Evid. 401, 403.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

8. Any mention or display of, or any attempt to introduce before the jury, any documents or evidence that has not been given to Plaintiffs at least thirty (30) days prior to trial unless Plaintiffs' Counsel has been given a reasonable opportunity before trial to conduct discovery on the source and/or creation of that document or evidence.

**GROUNDS:** Fed. R. Civ. P. 16 and 26.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

9. Any reference to the negative impact that a large damage award would have on Defendant's business, insurance premiums, or ability to conduct business.

**GROUNDS:** Fed. R. Evid. 401, 402, 403.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

10. Requesting counsel to produce evidence or documents in file or possession while the jury is present, or any attempt to address questions to Plaintiff or Plaintiffs' counsel in front of the jury.

**GROUNDS:** Fed. R. Evid. 403.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

11. Any suggestion that a judgment or a substantial judgment might hurt Defendant financially or cause it to become insolvent, or that Defendant is not protected by liability insurance or has inadequate insurance or any suggestion that a judgment would affect the ability of Defendant to be in business.

**GROUNDS:** Fed. R. Evid. 401, 402, 403.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

12. Any reference that a jury's verdict will be subject to pre-judgment interest of any type.

**GROUNDS:** Fed. R. Evid. 401, 402, 403.

**GRANTED / DENIED / MODIFIED AS FOLLOWS:** _____

    Respectfully submitted,

    BENOIT LEGAL, P.L.L.C.
    311 Montana Ave, Suite B
    El Paso, Texas 79902
    (915)532-5544
    (915) 532-5566 Fax

    */s/ Christopher Benoit*
    Christopher Benoit
    Texas Bar No. 24068653
    chris@coylefirm.com

8

## CERTIFICATE OF SERVICE

    The undersigned counsel certifies that on July 24, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                      /s/ *Christopher Benoit*
                                                      Christopher Benoit